**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | : | Case No. 2:23-cv-2397 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| JOHN DOE subscriber assigned IP address 173.88.175, | : | |
| Defendant. | : | |

**ORDER DENYING MOTION TO QUASH SUBPOENA**

Plaintiff, copyright owner of a number of adult motion pictures, filed this action against Defendant claiming that Defendant unlawfully downloaded and shared Plaintiff's copyrighted works using BitTorrent software. When Plaintiff filed this action, it only knew Defendant's purported identity through an internet protocol ("IP") address assigned by Defendant's internet service provider ("ISP"). This Court allowed Plaintiff to serve a Rule 45 subpoena on Defendant's ISP, requiring the ISP to identify the name and address of the individual assigned to the IP address identified in the Complaint. Defendant now moves to quash the subpoena (Doc. 10), and the parties have filed responsive memoranda (Docs. 12, 14).

A motion to quash or modify a subpoena is governed by Fed. R. Civ. P. 45(d)(3). First, the Court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no

exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Further, the Court "may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). The party moving to quash the subpoena bears the burden of persuasion. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

Here, Defendant has not carried their burden of showing that the subpoena should be quashed. To the extent Defendant denies liability, "[a] general denial of liability [] is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information." *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011). To the extent Defendant argues the subpoena imposes an undue burden, the burden is on the ISP to produce the information so Defendant cannot claim undue burden. *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 76.190.140.193*, No. 1:15 CV 1342, 2015 WL 6758219, at *2 (N.D. Ohio Nov. 5, 2015). And, to the extent Defendant argues a privacy right in the subpoenaed material, the Court finds that the protective order currently in place fairly balances Plaintiff's interest in identifying a possible copyright infringer and Defendant's privacy interest. *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-7014 (VEC), 2022 WL 704022, at *3 (S.D.N.Y. Mar. 8, 2022).

Accordingly, based upon the foregoing, Defendant's motion to quash the subpoena (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

Date:  12/1/2023

*s/Timothy S. Black*
Timothy S. Black
United States District Judge

3